In the United States Court of Appeals for the Fifth Circuit

SARAH PALMQUIST, INDIVIDUALLY AND AS
NEXT FRIEND OF E.P., A MINOR; GRANT PALMQUIST,

*Plaintiffs – Appellants*

v.

THE HAIN CELESTIAL GROUP, INCORPORATED;
WHOLE FOODS MARKET, INCORPORATED, ALSO KNOWN AS
WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P.

*Defendants – Appellees*

Appeal from the United States District Court for the Southern District of Texas,
Galveston Division; No. 3:21-CV-90

# BRIEF OF APPELLEE
# WHOLE FOODS MARKET
# ROCKY MOUNTAIN/SOUTHWEST L.P.

Bradley E. Chambers
**BAKER DONELSON**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701

*Counsel for Appellee Whole Foods Market Rocky
Mountain/Southwest, L.P.*

In the United States Court of Appeals for the Fifth Circuit

---

## SARAH PALMQUIST, INDIVIDUALLY AND AS NEXT FRIEND OF E.P., A MINOR; GRANT PALMQUIST,

*Plaintiffs – Appellants*

v.

### THE HAIN CELESTIAL GROUP, INCORPORATED; WHOLE FOODS MARKET, INCORPORATED, ALSO KNOWN AS WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P.,

*Defendant – Appellee*

---

Appeal from the United States District Court for the Southern District of Texas, Galveston Division; No. 3:21-CV-90

---

### CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record certifies the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made to allow the judges of this Court may evaluate possible disqualification or recusal:

1.      **Plaintiffs-Appellants:**

Sarah Palmquist, Individually and as Next Friend of E.P., a minor; Grant Palmquist

**2.     Counsel for Plaintiffs-Appellants:**

BECK REDDEN LLP
Russell S. Post Owen J. McGovern Bennett J. Ostdiek
1221 McKinney, Suite 4500
Houston, TX 77010-2010
Tel: 713.951.3700

YETTER COLEMAN LLP
Constance H. Pfeiffer Jason R. LaFond Austin Brumbaugh
811 Main Street, Suite 4100
Houston, TX 77002
Tel: 713.632.8000

ARNOLD & ITKIN LLP
Kurt Arnold Caj Boatright
Roland Christensen Andrew Gould Brittany Clark  Alec Paradowski
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800

PARKER & SANCHEZ PLLC
Charles R. Parker Anderson Parker
700 Louisiana St., Suite 2700
Houston, TX 77002
Tel: 713.659.7200

**3.     Defendant-Appellee:**

The Hain Celestial Group, Incorporated

**4.     Counsel for Defendant-Appellee:**

COVINGTON & BURLING LLP
Michael X. Imbroscio
Phyllis A. Jones
David N. Sneed
Kathleen E. Paley
Elizabeth T. Fouhey
Nicole Antoine

Clayton Bailey
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: 202.662.6000

FEE, SMITH & SHARP, L.L.P.
Brian G. Cano
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel: 713.362.8300

**5.      Defendants-Appellees:**

Whole Foods Market, Inc.
Whole Foods Market Rocky Mountain/Southwest, L.P.

**6.      Counsel for Defendants-Appellees:**

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Bradley E. Chambers
Emma L. Short
1301 McKinney Street, Suite 3700
Houston, TX 77010
Tel: 713.650.9700

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Samuel Lanier Felker
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel: 615.726.5558

*/s/ Bradley E. Chambers*
Bradley E. Chambers

Attorney of Record for Appellees Whole
Foods Market Inc., and Whole Foods
Market Rocky Mountain/Southwest, L.P.

## STATEMENT REGARDING ORAL ARGUMENT

In accordance with Federal Rule of Appellate Procedure 34(a)(1) and Fifth Circuit Rule 28.2.3, the decisional process would not be significantly aided by oral argument in this case because the facts and legal arguments are adequately presented in the briefs and record before the Court. *See* FED. R. APP. P. 34(a); 5TH CIR. R. 34.2. If, however, the Court determines oral argument should be granted, Appellee requests permission to attend and argue.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...............................................v

TABLE OF CONTENTS.........................................................................vi

TABLE OF AUTHORITIES ................................................................ vii

STATEMENT OF JURISDICTION...........................................................1

STATEMENT OF ISSUES .....................................................................2

STATEMENT OF THE CASE .................................................................3

I.   Factual Background.....................................................................3

II.  Procedural History......................................................................5

SUMMARY OF ARGUMENT ................................................................8

STANDARD OF REVIEW .....................................................................9

ARGUMENT ...................................................................................11

I.   The District Court properly denied the Palmquists' Motion to Remand
     because the Palmquists improperly joined Whole Foods. ...............11

     A.   The Palmquists' proffered authority does not resurrect their claims
          because the District Court properly considered Fifth Circuit precedent.13

     B.   The District Court properly considered the federal pleading standard
          and even considered the allegations raised in the Palmquists' Second
          Amended Complaint in the alternative...............................17

II.  The Palmquists' claims asserted against Whole Foods are barred as a matter of
     law under the Texas Products Liability Act.................................19

     A.   The Palmquists' Second Amended Complaint failed to allege viable
          claims against Whole Foods..........................................19

     B.   The Palmquists' Second Amended Complaint failed to plausibly allege
          an express factual misrepresentation.................................21

CONCLUSION..................................................................................27

CERTIFICATE OF SERVICE ...............................................................28

CERTIFICATE OF COMPLIANCE........................................................29

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Allen v. Walmart Stores, L.L.C.*,
  907 F.3d 170 (5th Cir. 2018) ................................................................ 22, 26

*Amazon.com Inc. v. McMillan*,
  625 S.W.3d 101 (Tex. 2021) ........................................................................26

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................9

*Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot and*
  *Wansbrough*, 354 F.3d 348 (5th Cir. 2003) ..................................................9

*Brown v. Sw. Bell Tel. Co.*,
  901 F.2d 1250 (5th Cir. 1990) ....................................................................13

*Campbell v. Stone Ins., Inc.*,
  509 F.3d 665 (5th Cir. 2007) ................................................................ 10, 15

*Caterpillar Inc. v. Lewis.*,
  519 U.S. 61 (1996) .................................................................................. 12, 13

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ....................................................................9, 10

*Garnett v. Remington Arms Co., LLC*,
  2018 WL 4688813 (W.D. Tex. June 14, 2018) .............................................20

*George v. SI Group, Inc.*,
  36 F.4th 611 (5th Cir. 2022) .......................................................................26

*Gill v. Michelin N. Am., Inc.*,
  3 F. Supp. 3d 579 (W.D. Tex. 2013) ...........................................................23

*Hill v. Travelers Indem. Co.*,
  2012 WL 627708 (S.D. Tex. Feb. 24, 2012) ................................................10

*Howard v. Lowe's Home Centers, LLC*, 306 F. Supp. 3d 951 (W.D. Tex. 2018),
  *aff'd* 765 F. App'x 76 (5th Cir. 2019) .........................................................23

*JSC Nizhnedneprovsky Tube Rolling Plant v. United Resources, LP*, 2016 WL
  8921926 (Tex. App—Corpus Christi-Edinburg, Dec. 21, 2016, no pet..............25

*Louisiana v. Am. Nat. Prop. & Cas. Co.*,
  746 F.3d 633 (5th Cir. 2014) ......................................................................13

*Manchester Tank & Equip. Co. v. Engineered Controls Intern., Inc.*,
  311 S.W.3d 573 (Tex. App.—Waco 2009, pet. denied) ...............................21

*Newman-Green Inc. v. Alfonzo-Larrain*,

490 U.S. 826 (1989) ............................................................. 13, 16
*Petroleum Sols. v. Head,*
   454 S.W.3d 482 (Tex. 2014) ............................................. 20, 21
*Pullman Co. v. Jenkins,*
   305 U.S. 534 (1939) ............................................................ 14
*Rubin v. Daimlerchrysler Corp.,*
   2005 WL 1214605 (S.D. Tex. May 20, 2005) ...................... 23
*Sanchez v. Liggett & Myers, Inc.,*
   187 F.3d 486 (5th Cir. 1999) ............................................. 20
*Smallwood v. Ill. Cent. R.R. Co.,*
   385 F.3d 568 (5th Cir. 2004) ............................ 10, 11, 14, 15
*Ticer v. Imperium Ins. Co.,*
   20 F.4th 1040 (5th Cir. 2021) ............................................. 9
*Transcontinental Insurance Co. v. Briggs Equipment Trust*
   321 S.W.3d 685 (Tex. App.—Houston [14th Dist.] 2010, no pet.) .................... 25
*Travis v. Irby,*
   326 F.3d 644 (5th Cir. 2003) ............................................ 10, 15
*Williams v. Avon Prods.,*
   2019 LEXIS 198502 (S.D. Tex. 2019) ................................ 23

**Statutes**

28 U.S.C. § 1291 ................................................................. 1
28 U.S.C. § 1332(a) ............................................................. 1
TEX. CIV. PRAC. & REM. CODE § 82.001(2) ........................ 20, 21
TEX. CIV. PRAC. & REM. CODE § 82.001(3) ........................ 20
TEX. CIV. PRAC. & REM. CODE § 82.001(4) ........................ 20
TEX. CIV. PRAC. & REM. CODE § 82.003 ............................ 19
TEX. CIV. PRAC. & REM. CODE §§ 82.001 ......................... 3, 8, 26
TEX. CIV. PRAC. & REM. CODE at § 82.003(a)(5) ................ 21, 22, 23, 24

**Rules**

Federal Rule of Appellate Procedure 32(a)(5) and (6) ........... 29
Federal Rule of Appellate Procedure 32(a)(7)(B) ................. 29
Federal Rule of Appellate Procedure 32(a)(7)(C) ................. 29
Federal Rule of Appellate Procedure 34(a) ......................... 4
Federal Rule of Civil Procedure 12(b)(6) ..................... *passim*
Federal Rule of Civil Procedure 12(b)(6), and (c) ................ 3
Federal Rule of Civil Procedure 15(a)(1) ............................ 17
Federal Rule of Civil Procedure 15(a)(1)(B) ....................... 4, 18

Federal Rule of Civil Procedure 50(a) ...............................................................3, 5
Federal Rule of Civil Procedure 21 ....................................................................16
Federal Rule of Civil Procedure 81(c)(2) ...........................................................11

**Other Authorities**

Local Rule 6 ....................................................................................................4, 18

## STATEMENT OF JURISDICTION

This Honorable Court has appellate jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. The United States District Court for the Southern District of Texas ("District Court") exercised subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), and it arises from a final, appealable order granted in favor of Appellee Hain Celestial Group, Inc. ("Hain").

On June 15, 2021, the District Court entered an order and judgment dismissing Sarah Palmquist's, Individually and as Next Friend of E.P., a minor; Grant Palmquist ("Palmquists" or "Appellants") case against Appellee Whole Foods Rocky Mountains/Southwest LP's ("Whole Foods" or "Appellee")[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) following Whole Foods' Motion to Dismiss Appellant's complaint. ROA.779-83.

The Palmquists timely filed a Notice of Appeal on April 26, 2023.

---

[1] Although the style lists Whole Foods Market, Inc., Appellants alleged Whole Foods Rocky Mountain/Southwest LP owns and operates the retail stores at issue. Pls. Compl. ¶ 11.

## <u>STATEMENT OF ISSUES</u>

The Palmquists' first issue on appeal should be overruled because the trial court acted within its discretion when it denied the Palmquists' Motion for Remand and subsequently granted Whole Foods's 12(b)(6) Motion to Dismiss. The Palmquists were not prejudiced by the trial court's decision.

Issue 1 Restated:

(a). Did the District Court properly deny the Palmquists' Motion for Remand?

(b). Did the District Court properly dismiss this matter under Rule 12(b)(6) after the Palmquists filed their Second Amended Complaint asserting they plausibly alleged actionable claims against Whole Foods?

## STATEMENT OF THE CASE

### I.    Factual Background

The Palmquists allege their child, E.P., was severely and permanently injured by consuming Hain's baby food products containing high levels of toxic metals.  ROA.249-78.  The Hain products are distributed to and sold by a variety of large retail chains, including Whole Foods, Target, Walgreens, CVS Pharmacy, and others. ROA.249-78.  The Palmquists allege they purchased the Hain products from Whole Foods "because of Whole Foods' express representations about the quality of the products it sold—including Earth's Best Baby Food." ROA.249-78.

The Second Amended Complaint alleges (in conclusory fashion) Hain and Whole Foods negligently "designed, produced, marketed, and distributed baby food products," failed to warn against the heavy toxic metals present in Hain's products, failed to properly label Hain's products, failed "to comply with applicable standards, rules, and regulations regarding safe levels of arsenic, lead, cadmium, and mercury," failed to adequately test the ingredients in Hain's final products, and "other acts deemed negligent and grossly negligent." ROA.249-78; ROA.423-41. The Palmquists state they "relied on Whole Foods' representations that Hain's [products] were safe and of the highest quality" and the Palmquists would not have been injured if Hain's products were as Hain's advertised and Whole Foods "expressly stated." ROA.249-78.

These alleged express representations from the Second Amended Complaint include, generalized statements from Whole Foods' website regarding the quality of the food products it sells:

> Whole Foods' stated purpose is to 'nourish people and the planet.' As a seller of 'natural and organic foods,' Whole Foods specifically represents to its customers that it only sells products that are of the 'highest quality.' Whole Foods further represents to the public that it 'carefully vet[s] our products to make sure they meet our high standards by researching ingredients, reading labels and auditing sourcing practices.' And it promises its customers that 'if it doesn't meet our standards, we don't sell it.' In short, Whole Foods' claims to 'take pride in what we do sell and even more in what we don't' by refusing to sell products with harmful ingredients.

ROA.272.

The Palmquists, therefore, argue because Whole Foods allegedly made these representations, it "knew or had reason to know that consumers like [p]laintiffs would purchase the Hain products . . . ." ROA.272. The Second Amended Complaint then asserts one count against Whole Foods for "breach of warranties, negligence, and negligent undertaking." ROA.271-74.[2] The Palmquists allege by selling the Hain products, Whole Foods "expressly represented to the public generally and specifically to Plaintiffs" Hain's products were safe for consumption by infants and young children. ROA.271-74.

---

[2] The Palmquists also assert a count against Hain for "products liability" based on alleged manufacturing defects, design defects, marketing defects and failure to warn. ROA.271-74.

## II. Procedural History

*Nature of the case:* This case is an appeal of (a) the denial of Appellants' Motion to Remand, (b) the dismissal of Appellants' case against Whole Foods under Federal Rule of Civil Procedure 12(b)(6), and (c) the award of judgment as a matter of law in favor of the Hain Celestial Group, Inc. under Federal Rule of Civil Procedure 50(a).

*Course of the proceedings:* On March 10, 2021, Appellants sued Whole Foods[3] and Hain in Texas state court in Brazoria County asserting two causes of action against Whole Foods: negligence and breach of implied warranties. On March 30, 2021, Appellants filed the First Amended Petition. ROA.148-172.

On April 9, 2021, Hain removed the case to federal district court based upon diversity jurisdiction and an amount in controversy exceeding $75,000. ROA.37-46.

On April 16, 2021, Whole Foods' counsel sent a letter to Appellants providing notice of their intent to file a Motion to Dismiss the First Amended Petition based on Section 82.003 of the Texas Product Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 82.001 *et seq* (the "TPLA"). *See* ROA.442–446. In particular, Whole Foods cited to Judge Jeffrey V. Brown's Local Rule 6, advising

---

[3] Defendant-Appellee Whole Foods Rocky Mountain/Southwest LP (hereinafter, either "Appellee" or "Whole Foods") is improperly named as "Whole Foods Market, Inc." in Appellant's pleadings. Appellee is appearing in its proper capacity herein and is defending all claims against "Whole Foods Market, Inc."

"pursuant to Judge Brown's rules relating to motions to dismiss under Rule 12(b), please be advised that your clients have a right to amend their complaint within fourteen days of this letter to address the basis of the intended dismissal motion, after which time Whole Foods is entitled to file the dismissal motion."[4]

On April 27, 2021, *after* Hain filed its Notice of Removal and eleven (11) days *after* receiving Whole Foods' correspondence in accordance with Local Rule 6, the Palmquists filed their Second Amended Complaint in the federal court proceeding, adding new causes of action against Whole Foods under theories of negligent undertaking and breach of express warranty, and asserting newly alleged facts related to these new causes of action. ROA.249-278; ROA.284-303. Later the same day, the Palmquists filed their Motion to Remand, which improperly cited to and relied on information contained solely within their Second Amended Complaint. ROA.284-303.

On May 7, 2021, Whole Foods filed its Motion to Dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) and Local Rule 6. ROA.423-41.[5] On May 28, 2021, Appellants responded to Whole Foods' Motion to Dismiss, arguing the

---

[4] Judge Jeffrey V. Brown's Local Rule 6 provides: "The court will provide parties an opportunity to amend their pleadings once before entertaining a Rule 12(b) motion to dismiss. . . The party seeking dismissal shall further inform the respondent, by letter, of the right to amend the pleadings under these rules and Fed. R. Civ. P. 15(a)(1)(B)."

[5] In accordance with Local Rule 6, Whole Foods' Motion to Dismiss contains a "certificate of conference expressly stating that the movant has complied with this rule." L.R. 6. Further, Whole Foods' certificate of conference expressly states that Whole Foods "informed Plaintiffs of their right to amend their claim." ROA.441.

Complaint alleged viable claims for negligence and breach of warranty, but requesting in the alternative for leave to amend. ROA.678-99.

*Disposition below:* On June 15, 2021, District Judge Jeffrey Vincent Brown determined Whole Foods was improperly joined and Appellants failed to state any plausible claims against Whole Foods, and thus issued an order denying Appellants' Motion to Remand and granting Whole Foods' Motion to Dismiss. ROA.779-83. The case then proceeded only against Hain. Following the completion of discovery, Hain moved to exclude the Palmquists' expert testimony on both general and specific causation as well as moved for summary judgment. The district court denied the motions. The case then proceeded to trial. After the close of evidence, Hain moved for judgment as a matter of law under Rule 50(a). The district court granted the motion from the bench due to the Palmquists' failing to "present any expert evidence on general causation." ROA.22105. The court subsequently entered a final judgment, and the Palmquists filed a timely notice of appeal.

## SUMMARY OF ARGUMENT

Texas non-manufacturing seller liability law bars recovery against Whole Foods. After two attempts at amending their complaint, the Palmquists failed to allege facts supporting a plausible right to relief against Whole Foods. The Palmquists' Second Amended Complaint repackages and attempts to cure the same negligence and breach of warranties claims originally asserted against Whole Foods in the Palmquists' first two filings. Yet, the negligence and breach of warranty claims asserted against Whole Foods are barred as a matter of law by the non-manufacturing seller liability shield set forth in Section 82.003 of the Texas Product Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 82.001, *et seq.* (the "TPLA"). Additionally, there are no facts alleged in the Second Amended Complaint against Whole Foods to raise an inference Whole Foods was involved in the design, testing, labeling, marketing, or production of the Hain baby food products at issue. The district court's dismissal was correct and proper.

Due to the Palmquists' failure to plausibly allege any claim against Whole Foods, Whole Foods was improperly joined as a defendant. Although the removing defendant (*i.e.* Hain) has the burden of proof to prove improper joinder, for purposes of this brief, Whole Foods will also address the Palmquists' issue of removal and the district court's proper denial of remand.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's "determination that a party is improperly joined and [its] denial of a motion for remand." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1044 (5th Cir. 2021). This Court reviews *de novo* a decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), applying the same standard as the District Court. *Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348, 351 (5th Cir. 2003).

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if plaintiff's factual allegations do not show a right to relief is plausible and above mere speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'' A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id*.

To avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The court will not accept as true conclusory allegations or unwarranted deductions of fact. *Collins*, 224 F.3d at 498. When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Regardless of how well-pleaded the factual allegations may be, they must demonstrate plaintiff is entitled to relief under a valid legal theory.

*Improper Joinder*

[T]he standard for evaluating a claim of improper joinder is similar to the standard used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See supra; see also Hill v. Travelers Indem. Co.*, 2012 WL 627708, at *2 (S.D. Tex. Feb. 24, 2012). The scope of the inquiry for improper joinder, however, is broader than for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Id.* (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)); *accord Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). Whether to "pierce the pleadings" is discretionary and may be appropriate in order to identify the presence of discrete and undisputed facts would preclude a plaintiff's recovery against the non-diverse defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574

(5th Cir. 2004). The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case. *Id.* at 573.

## ARGUMENT

### I. The District Court properly denied the Palmquists' Motion to Remand because the Palmquists improperly joined Whole Foods.

The Palmquists contend the district court erred by denying the Palmquists' motion to remand. Specifically, the Palmquists argue the district court erred by not considering the Palmquists' Second Amended Complaint "clarifying the basis of their claims against Whole Foods." App. Br. at 29. But the district court properly considered the federal pleading standard when determining the motion to remand, as evidenced by the district court's order. ROA.779-83. In fact, a removed action does not need to be repleaded "unless the court orders it." FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

The Palmquists aver this case presents a "compelling occasion to refine the Court's singular approach," to improper joinder and only a "small step from existing circuit precedent" is required. App. Br. at 33, 37. Indeed, the "small step" should not be for this Court to depart from precedent, rather, it should be for this Court to affirm under these specific facts, and as a matter of law, the Palmquists improperly joined Whole Foods and failed to allege any plausible claims under the TPLA, thereby warranting Whole Foods' dismissal.

Moreover, this Court's approach would be consistent with *Caterpillar Inc. v. Lewis.* 519 U.S. 61, 64 (1996). In *Caterpillar*, plaintiff asserted various state law claims against the manufacturer of the bulldozer at issue (Caterpillar) as well as claims against the company servicing the bulldozer (Whayne Supply). *Id.* at 65. Notably, Whayne Supply was a non-diverse defendant. *Id.* Thus, when Plaintiff and Whayne Supply entered into a tentative settlement agreement, Caterpillar removed to federal court on the basis of diversity. *Id.* The lower court determined remand was improper and the suit proceeded in federal court solely against Caterpillar. *Id.* Following a jury trial, the lower court entered judgment for Caterpillar. *Id.* at 67. The appellate court reversed and sought to vacate the lower court's judgment, and Caterpillar petitioned the Supreme Court for review.

The Supreme Court was then presented with the question of whether the absence of complete diversity at the time of removal is fatal to federal-court adjudication. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996). The Supreme Court held "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Id.* Because complete diversity existed among Hain and the Palmquists at the time judgment was entered, and even if the case was "improperly removed" (it was not), then the district court's error to remand is not fatal to the final judgment and the final judgment should not be disturbed upon

appeal.[6]  Further, the Palmquists do not dispute that following Whole Foods' dismissal, there was complete diversity, and therefore federal subject matter jurisdiction at the time of trial and judgment.

### A. The Palmquists' proffered authority does not resurrect their claims because the District Court properly considered Fifth Circuit precedent.

As an initial matter, the Palmquists based their remand motion on the allegations in their First Amended Petition as well as their Second Amended Complaint, which included new claims such as negligent undertaking, and new allegations in support of their underlying claims. *See* ROA.271-274; ROA 297-303. This was improper, as the complaint (or petition) at the time of removal dictates whether federal jurisdiction exists—not the Second Amended Complaint. *See Louisiana v. Am. Nat. Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."); *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition

---

[6] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 ("To wipe out the adjudication post judgment and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."); *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989) ("Requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention.").
.

for removal is filed.") (citing *Pullman Co. v. Jenkins*, <u>305 U.S. 534, 537</u>–38 (1939)). At the time of removal, the Palmquists' First Amended Petition was the live pleading, and under federal law, the proper pleading to consider for removal/remand purposes.

The Palmquists, however, present this Court with a perceived "question of first impression" regarding improper joinder. App. Br. at 31. Specifically, the Palmquists ask this Court whether "a district court [is] required to consider an amended complaint filed by the plaintiff for purposes of clarifying the allegations against the non-diverse defendant and satisfying the federal standard." *Id.* This Court has already provided the answer.

A court will find improper joinder if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, <u>385 F.3d 568, 573</u> (5th Cir. 2004) (*en banc*). To determine whether a defendant is improperly joined, the district "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

The scope of the inquiry for improper joinder, however, is broader than for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for

the claim. *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007); *accord Travis v. Irby,* 326 F.3d 644, 648–49 (5th Cir. 2003).[7] Whether or not to "pierce the pleadings" is discretionary and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004).

Here, the district court disregarded the new claims in the Palmquists' Second Amended Complaint, but offered in the alternative, "*even if the court were to rely on*" the Second Amended Complaint, "*there is still no reasonable basis to predict that they could recover from Whole Foods.*" ROA.780 (emphasis added). Although the district court does not expressly state it decided to pierce the pleadings, the Palmquists' own motion to remand introduces the new allegations in their Second Amended Complaint. In fact, the Palmquists' motion to remand expressly provides bullet-point lists of their allegations from the First Amended Petition followed by the additional allegations in the Second Amended Complaint to summarize the "representations" allegedly made by Whole Foods to the Palmquists. *See* ROA.295-299. For reasons discussed below, the alleged "representations" fail to

---

[7] *See e.g.*, *Travis v. Irby*, 326 F.3d 644, 48–49 ("Of course, although the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may, as it did in this case, "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."

plausibly allege viable claims against Whole Foods under both the First Amended Petition—and under the Second Amended Complaint once the district court pierced the pleadings. Because the district court likely pierced the pleadings to arrive at the conclusion the First Amended Petition and the Second Amended Complaint failed to state a viable claim against Whole Foods, the district court did not err in denying the Palmquists' motion to remand.

Alternatively, Rule 21 of the Federal Rules of Civil Procedure permits district courts to drop a dispensable nondiverse party at any time. *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989) (noting under Rule 21 that a "party may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" and thus holding "[w]e decline to disturb that deeply rooted understanding of appellate power, particularly when requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention). Specifically, Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21. Whether the district court dismissed Whole Foods based on the asserted motion to dismiss or on the court's own initiative, under the Federal Rules, the district court is entitled to do so.

**B.** **The District Court properly considered the federal pleading standard and even considered the allegations raised in the Palmquists' Second Amended Complaint in the alternative.**

As the Palmquists acknowledge in their brief, "[a]fter removal, the Palmquists amended their complaint—as they were entitled to do 'as a matter of course,' FED. R. CIV. P. 15(a)(1)—clarifying their factual allegations against Whole Foods and elaborating on the basis for their misrepresentation claim against Whole Foods." App. Br. at 30.  In the same breath, the Palmquists contend "as a matter of principle and precedent," removed plaintiffs "must have an opportunity to demonstrate that their allegations against a non-diverse defendant satisfy the federal pleading standard." App. Br. at 31. Whether it is through conscious ignorance or merely because it is fatal to their argument, the Palmquists fail to provide the necessary context behind the filing of their Second Amended Complaint.

As referenced *supra* and in compliance with Local Rule 6, Whole Foods sent the Palmquists a letter informing them of Whole Foods' intention to file a 12(b)(6) Motion to Dismiss the First Amended Petition. *See* ROA.442-46. Within the letter, Whole Foods advised the Palmquists of the basis for the 12(b)(6) motion to dismiss—namely the Palmquists "have not and cannot allege any facts demonstrating any one of the seven exceptions to the innocent seller protection apply"—and of the Palmquists' right to amend under Local Rule 6. Local Rule 6 is

provided below for ease of reference for the Court.

> **6. Special Requirement for Motions to Dismiss under Rule 12(b)**
>
> The court will provide parties an opportunity to amend their pleadings once before entertaining a Rule 12(b) motion to dismiss. To advance the case efficiently and minimize the costs of litigation, the court requires a party intending to file a motion to dismiss under Rule 12(b) to confer with opposing counsel concerning the expected motion's basis. The party seeking dismissal shall further inform the respondent, by letter, of the right to amend the pleadings under these rules and Fed. R. Civ. P. 15(a)(1)(B), specifying that the amended pleading must be filed within 21 days of the date of the letter. This letter functions as "service of a motion under Rule 12(b)" within the meaning of Fed. R. Civ. P. 15(a)(1)(B).
>
> The motion to dismiss may be filed (1) after the amended complaint is filed, (2) after the respondent informs the movant of their intent not to amend, or (3) if neither of the preceding occur, as early as the 22nd day after the letter is presented.
>
> Fed. R. Civ. P. 12(a) prescribes time requirements for the filing of answers and for the filing of motions under Rule 12. For the purposes of these time requirements, a letter to opposing counsel sent in accordance with this rule shall be considered the equivalent of filing the motion itself.
>
> The motion to dismiss should contain a certificate of conference expressly stating that the movant has complied with this rule. Once the motion to dismiss is filed, the non-movant shall not be allowed to amend its pleading until disposition of the motion to dismiss and upon leave from the court.
>
> If the movant does not follow this rule before filing a motion to dismiss, the court will *sua sponte* grant an opportunity to amend.

Importantly, Local Rule 6 provides "[t]he party seeking dismissal [Whole Foods] shall further inform the [Palmquists], by letter, of the right to amend the pleadings under these rules and FED. R. CIV. P. 15(a)(1)(B)" and the motion to dismiss may be filed *after* the amended complaint is filed. L.R. 6. Further, the "non-movant shall not be allowed to amend its pleading until disposition of the motion to dismiss and upon leave from the court." *Id.*

Here, the Palmquists—as was their right under Local Rule 6 and FED. R. CIV. P. 15(a)(1)(B)—filed the Second Amended Complaint eleven days *after* receiving Whole Foods' conferral letter. ROA.249-78. The Palmquists were not denied leave to amend as they already amended as a matter of right under Local Rule 6. Accordingly, the Palmquists' argument that their Second Amended Complaint was not considered lacks merit.

## II.  The Palmquists' claims asserted against Whole Foods are barred as a matter of law under the Texas Products Liability Act.

As to the second prong of the Palmquists' first issue, the Palmquists allege the district court erred by determining the Second Amended Complaint did not state a claim against Whole Foods. The Palmquists' argument lacks merit. The district court properly concluded the Second Amended Complaint did not and could not state a plausible claim against Whole Foods under the non-manufacturing seller exception under the Texas Products Liability Act ("TPLA"). Tex. Civ. Prac. & Rem. Code § 82.003, *et seq*.

Nonetheless, the Palmquists argue the district court failed to properly read its Second Amended Complaint and interpret Texas law. This conclusion is erroneous as the district court properly read the Palmquists' First Amended Petition and correctly interpreted both federal and Texas law in doing so.  Further, and presumably following the district court's discretionary "piercing of the pleadings," the Second Amended Complaint failed to cure the defects found in the First Amended Petition.

### A.  The Palmquists' Second Amended Complaint failed to allege viable claims against Whole Foods.

The Palmquists' Second Amended Complaint alleged claims against Whole Foods for negligence and breach of warranty. ROA.249-78. But under Texas law, specifically the TPLA, "'[p]roducts liability action' means any action against a

manufacturer[8] or seller[9] for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, *negligence*, misrepresentation, *breach of express or implied warranty, or any other theory or combination of theories*." TEX. CIV. PRAC. & REM. CODE § 82.001(2) (emphasis added). The Palmquists do not dispute this case involves purely products liability claims. *Petroleum Sols. v. Head*, 454 S.W.3d 482, 492 (Tex. 2014) (holding a products liability action, as defined by the TPLA, is determined from the allegations in Plaintiffs' complaint).

Moreover, claims arising out of personal injury allegedly caused by a defective product are products liability claims no matter the theory alleged. *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 491 (5th Cir. 1999); *Garnett v. Remington Arms Co., LLC*, 2018 WL 4688813, at *5 (W.D. Tex. June 14, 2018). Because both theories of recovery against Whole Foods—negligence and breach of warranties—relate to an allegedly defective product and are expressly listed in Section 82.001(2), this leaves no doubt the TPLA applies in this case. ROA.265-74

Because Whole Foods is a non-manufacturing seller of the Hain products at

---

[8] "Manufacturer" is defined as the designer, formulator, fabricator, producer, assembler of the product and who places it in the stream of commerce. TEX. CIV. PRAC. & REM. CODE § 82.001(4).
[9] "Seller" means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof. TEX. CIV. PRAC. & REM. CODE § 82.001(3).

issue, it is not liable for harm allegedly caused to the Palmquists by those products.

Tex. Civ. Prac. & Rem. Code §§ 82.001(2), 82.003(a).  Chapter 82's purpose is to

protect non-manufacturing sellers by assigning responsibility for the burden of

products liability litigation to the product's manufacturer. *Petro. Sols. v. Head*, 454

S.W.3d 482, 494 (Tex. 2014). Texas courts routinely apply this statutory shield "to

protect innocent sellers from products liability suits unless they had significantly

and intentionally participated in the design or production of the product."

*Manchester Tank & Equip. Co. v. Engineered Controls Intern., Inc.*, 311 S.W.3d

573, 575 (Tex. App.—Waco 2009, pet. denied).

Here, the Palmquists alleged zero facts regarding Whole Foods' role in the

participation of the design or production of the Hain products. Indeed, the

Palmquists never disputed the fact Whole Foods qualifies as a non-manufacturing

seller, rather the Palmquists alleged one of the seven enumerated exceptions under

the TPLA applies to Whole Foods—specifically that Whole Foods supposedly

made express factual misrepresentations under Section 82.003(a)(5).

## B.    The Palmquists' Second Amended Complaint failed to plausibly allege an express factual misrepresentation.

Pursuant to Section 82.003(a) of the TPLA, "a seller that did not

manufacture a product is not liable for harm caused to the claimant by that product

unless the claimant proves" one of seven narrow enumerated exceptions. Tex. Civ.

Prac. & Rem. Code at § 82.003(a).  Notably, the Palmquists bear the burden of

demonstrating Whole Foods falls within one of the seven enumerated exceptions outlined in Section 82.003(a). *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018). The Palmquists argue their Second Amended Complaint satisfies Section 82.003(a)(5), which provides:

(A)  The seller made an express factual representation about an aspect of the product;

(B)  The representation was incorrect;

(C)  The claimant relied on the representation in obtaining or using the product; and

(D)  If the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm.

Instead of alleging "express factual representations," the Palmquists' brief points to generic statements such as "safe," "highest quality," and "free from 'harmful ingredients.'" App. Br. at 44. Moreover, the Palmquists merely state they relied on Whole Foods's generalized statements of quality on its website—such as it only sells products of the "highest quality" and are vetted by "researching ingredients, reading labels, and auditing sourcing practices." ROA.272-74. The Palmquists cannot point to any statement made by Whole Foods specifically attributed to the Hain products.  In short, the Second Amended Complaint fails to allege an express factual representation made by Whole Foods about the product thereby failing Section 82.003(a)(5)(A).

The Palmquists' proffered "representations" are the types of generalized

positive statements about products courts have routinely held are not actionable representations under Section 82.003(a)(5).[10] *Howard v. Lowe's Home Centers, LLC*, 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018), *aff'd*, 765 F. App'x 76 (5th Cir. 2019) (finding "Lowe's reputation and its general claims about its business practices are not representations about a specific product and thus do not trigger the application of Section 82.003(a)(5)"); *Williams v. Avon Prods.,* 2019 LEXIS 198502, at *14 (S.D. Tex. 2019). Indeed, general representations regarding a product's safety simply are insufficient. *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013) (holding that Section 82.003(a)(5) did not apply where the plaintiff "merely allege[d] that [the seller] represented that the Dodge Ram pickup at issue—and thus its component tire—was a 'good truck' (i.e. that the product was safe")); *Williams*, 2019 LEXIS 198502, at *14. Where the plaintiff fails to allege a specific factual representation about an aspect of the product, the section 82.003(a)(5) exception does not apply. *See Rubin v. Daimlerchrysler Corp.*, 2005 WL 1214605, at *9 (S.D. Tex. May 20, 2005).

Further, if the Palmquists' position were taken to its logical conclusion, any

---

[10] The Palmquists argue for several pages the principles for applying Section 82.003(a)(5) are similar to the concept of an express factual misrepresentation under the Deceptive Trade Practices Act ("DTPA") and common law fraud. App. Br. at 49. Regardless of the fact the Palmquists did not plead these causes of action—thus rendering their authority and arguments as irrelevant here—even if considered, their arguments still fail. DTPA and common law fraud claims involve misrepresentations about a particular product or service. Generalized statements do not suffice, and even under the DTPA or common law fraud, the Palmquists cannot point to a representation made by Whole Foods specifically involving the Hain products instead of generally commenting on its business model and best practices.

grocery store offering any generalized statement about the products it sells (e.g., "We sell fresh, high-quality food.") would render the store liable and remove the innocent seller protections of the TPLA. This directly contradicts the intent behind the TPLA and its innocent seller protections. Noticeably absent from the Palmquists' brief is any citation to precedent supporting the Palmquists' proposition such statements are not generalized statements, and instead actionable. Indeed, the Palmquists are unable to identify a specific advertisement that made a false or misleading statement about the specific product.

The Palmquists then falsely claim they "plausibly alleged the other requirements of Section 82.003(a)(5), none of which is open to serious debate." App. Br. at 44. This is simply not true. The allegations purportedly satisfying the remaining requirements of Section 82.003(a)(5) fail for the same reasons as discussed above. The Palmquists fail to allege any statement from Whole Foods regarding an aspect of the Hain product, Earth's Best Baby Food, is actionable— let alone that the Palmquists relied on such a statement (if it existed) or the statement was incorrect (if it existed).

Finally, and contrary to the Palmquists' argument, the district court did not "completely invert" the approach to the Erie analysis. App. Br. at 48. The Palmquists argue the district court relied on federal district court cases and ignored the Texas appellate decisions—conveniently only cited to in their brief and absent

from their original response to Whole Foods' motion to dismiss. *See* <u>ROA.678-99</u>. The Palmquists' newly proffered authority, however, still does not move the needle on the Palmquists' argument that the district court "inverted the Erie analysis." Rather, the Palmquists' authority is easily distinguished as the facts there differ drastically from the current case.

For example, in *Transcontinental Insurance Co. v. Briggs Equipment Trust*, the express factual representation involved whether it was "'okay' not to use the outriggers" for a hydraulic lift. <u>321 S.W.3d 685, 702</u> (Tex. App.—Houston [14th Dist.] 2010, no pet.) The express factual representation it was "'okay' not to use the outriggers" relates to a specific aspect (the outriggers) of the product at issue (the hydraulic lift). Similarly, in *JSC Nizhnedneprovsky Tube Rolling Plant v. United Resources, LP*, the express factual representation involved whether the product at issue (the subject pipe) was P-110 grade (a specific aspect of the product.) <u>2016 WL 8921926</u>, *9 (Tex. App—Corpus Christi-Edinburg, Dec. 21, 2016, no pet.) Here, the Palmquists do not and cannot allege any express factual representation made by Whole Foods specifically relates to the Hain product at issue. Generalized statements from Whole Foods' website about all of Whole Foods' products simply fails to place the Palmquists in the same position as the plaintiffs referenced above, as those cases showed an express factual representation specifically attributed to the product at issue.

Moreover, the Palmquists' assertion the district court erred by "relying on federal district court cases" similarly misses the mark. App. Br. at 48. To argue the federal district court cases are unreliable in comparison to the above-referenced Texas appellate decisions is nonsensical, particularly when the federal district court cases properly applied Texas law. *See e.g., George v. SI Group, Inc*., 36 F.4th 611, 620 (5th Cir. 2022) (applying Texas law); *Allen v. Walmart Stores*, L.L.C., 907 F.3d 170, 182, (5th Cir. 2018) (applying Texas law); *Amazon.com Inc. v. McMillan*, 625 S.W.3d 101, 104 (Tex. 2021) (answering the Fifth Circuit's certified question regarding qualification of seller under TPLA § 82.001). The Palmquists do not argue their proffered authority (or Whole Foods' authority) cited in support of these issues on appeal was improperly determined under Erie—only that this case was. If the Palmquists' argument that this case was "completely inverted" under the Erie analysis was taken to its logical conclusion, this case among with hundreds (if not thousands) of other cases would result in a backlog before this Court that would overwhelm the Court's docket and require far more than a "small step" to resolve. Simply because the Palmquists conflate and confuse the applicable standards does not mean the district court did.

## CONCLUSION

For these reasons, Defendant-Appellee Whole Foods Rocky Mountains/Southwest LP asks this Court to overrule Appellant's issues on appeal and affirm the judgment of the District Court below.

Respectfully submitted,

*/s/ Bradley E. Chambers*
Bradley E. Chambers
Texas Bar No. 24001860
bchambers@bakerdonelson.com
Emma L. Short
Texas Bar No. 24101001
eshort@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1301 McKinney, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701

***Attorneys of Record for Appellee Whole Foods Rocky Mountain/Southwest LP***

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, a copy of the foregoing Brief of Appellee Whole Foods Market Rocky Mountain/Southwest, L.P. was filed electronically with the Clerk of the Court using the Court's ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record. Courtesy copies will also be sent to counsel for both Plaintiffs-Appellants, the Palmquists, and Defendant-Appellee Hain.

*/s/ Bradley E. Chambers*
Bradley E. Chambers

# CERTIFICATE OF COMPLIANCE

(1)    Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Fifth Circuit Local Rule 32.3, the undersigned certifies this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because:

Exclusive of the portions exempted under Federal Rule of Appellate Procedure 32(a)(7)(B), this brief contains 6,034 words.

(2)    Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Fifth Circuit Local Rule 32.3, the undersigned certifies this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because:

This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font (for text) and 12-point font (for footnotes).

*/s/ Bradley E. Chambers*
Bradley E. Chambers